WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Patty Lee Haley,

Plaintiff,

vs.

Social Security Administration, et al.,

Defendants.

No. CV-14-00919-PHX-SPL

**ORDER**

Before the Court are Plaintiff's Motions for Reconsideration (Doc 6) and Requesting Sealing of Documents (Doc. 7).

On April 30, 2014, Plaintiff filed a Complaint (Doc. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). In an Order dated May 1, 2014 (Doc. 5), Plaintiff's request to proceed in forma pauperis was granted, and she was directed to serve the complaint on Defendants. Plaintiff moved for reconsideration of that Order, requesting that service be completed by the United States Marshals Service.

This action was reassigned to this Court on July 1, 2014 (Doc. 9). Having reviewed this matter on reassignment, for the reasons that follow, Plaintiff's complaint will be dismissed with leave to amend, and her motions will be denied.

## I. Screening of In Forma Pauperis Complaint

### A. Legal Standards

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> > (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief, a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

**B. Plaintiff's Complaint**

Plaintiff sues the Social Security Administration,[1] Cory A. Brown, M.D., Jonathan D. Field, M.D., the Medical Plaza Pharmacy, and a Bingham Memorial Employee at the Bingham Memorial Plaza Pharmacy. She appears to allege that between February 2010 and February 2014, Defendants conspired to harm her through fraudulent documentation and threatening statements, violating her rights under Constitutional Amendments 1-6, 8, 9, 13, and 14, and criminal statute 18 U.S.C. § 241. She alleges she suffered "[d]iscrimination; intentional infliction of intangible emotion harm/distress; victim of false medical documentation resulting in further CONSPIRACY of malpractice/harm and danger -- malicious, and fraudulent anguish, pain, and suffering" [*sic*]. (Doc. 1 at 4.) She seeks monetary relief and "[c]onspiracy defendant convictions." (*Id.*)

Plaintiff's complaint does not satisfy the federal pleading requirements. The 91-page complaint does not provide a "short and plain statement" of her claims nor "simple, concise, and direct" allegations. Instead, the allegations in the complaint are largely unintelligible. Plaintiff has not included facts describing how Defendants' actions were unlawful in any clear, legally cognizable way, or how they harmed Plaintiff in a manner sufficient to raise a right to relief. The complaint does not provide sufficient notice to Defendants of how each individual Defendant allegedly violated Plaintiff's legal rights. Although Plaintiff cites various constitutional provisions, presumably alleging federal question jurisdiction under 28 U.S.C. § 1331, it is unclear how Plaintiff's allegations correlate to those grounds. Moreover, the complaint includes claims based on alleged violations of a criminal statute, which does not provide Plaintiff with a right of civil enforcement. Therefore, Plaintiff's complaint will be dismissed.

**C. Leave to Amend**

Plaintiff will be given an opportunity, if she so chooses, to amend her complaint.

---

[1] This case was designated as an action for review of a determination of the Commissioner of the Social Security Administration. (*See* Doc. 4.) However, finding nothing in Plaintiff's complaint suggests that she seeks such review by this Court, the expedited track scheduling order will be vacated.

*See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. For example, the amended complaint must set forth in a clear and simple manner the basis for federal court jurisdiction, state a cause of action that shows Plaintiff is entitled to relief, and provide a demand for relief.

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**II. Motion to Seal**

In Plaintiff's Motion for Requesting Sealing of Documents (Doc. 7), she requests that "every document" previously submitted, or will be presented to the Court, be filed under seal. The motion will be denied.

First, Plaintiff's request for prospective, ongoing filing of documents under seal violates Rule 5.6 of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona. Second, Plaintiff has failed to separately lodge the items she wishes to be filed under seal. *See* LRCiv 7.1(b). Lastly, Plaintiff fails to identify circumstances, in a cogent manner, which meet the standard for sealing documents in a civil case. Generally, "a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac.*

*Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). *See also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). The request to seal will therefore be denied. Plaintiff may submit a revised motion and proposed order that takes into account the rules and standards. Accordingly,

**IT IS ORDERED:**

1. That the Social Security Scheduling Order (Doc. 4) issued on May 1, 2014 is **vacated**;
2. That Plaintiff's Motion for Requesting Sealing of Documents (Doc. 7) is **denied**;
3. That the Complaint (Doc. 1) is **dismissed** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure;
4. That Plaintiff is granted leave to file an amended complaint in accordance with this Order no later than **July 29, 2014**;
5. That Plaintiff's Motion for Reconsideration (Doc 6) is **denied as moot**;
6. That if Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2); and
7. That if Plaintiff elects not to file an amended complaint by **July 29, 2014**, the Clerk of Court shall dismiss this action without further order of this Court.

Dated this 8th day of July, 2014.

Honorable Steven P. Logan
United States District Judge